IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-CV-26-DSC

| | | |
|---|---|---|
| PENNSYLVANIA NATIONAL<br>MUTUAL CASUALTY INS. CO.<br><br>Plaintiff,<br>vs.<br><br>METRO CAB CO., et. al..<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MOTION TO STAY<br>PROCEEDINGS AND MOTION<br>FOR EXTENTION OF TIME** |

COMES NOW Defendant, James Lafayette Taylor, Jr., by and through the administrator of his Estate, J. Edward Stowe ("Taylor"), by and through counsel, making a limited appearance for the purposes of staying the Declaratory Judgment action and extending time for the Defendants to answer, moves the Court to stay this District Court Declaratory Judgment Action until such time as the underlying Gaston County Civil case is concluded and in support thereof shows the following:

## MOTION TO STAY PROCEEDINGS

### Preliminary Statement

Defendant Taylor moves the Court for a stay of this District Court Declaratory Judgment proceeding until the conclusion of the underlying Gaston County civil action pursuant to the doctrine set forth in the Supreme Court case of Wilton v. Seven Falls Co., 515 U.S. 277, 289-90, 115 S. Ct. 2137, 2144, 132 L. Ed. 2d 214 (1995) and N.C.G.S.A. § 1-75.12. In this case, the Supreme Court ruled that the District Court may use its discretion in issuing a stay to an insurer's Declaratory Judgment Action when a parallel State Court action is pending. Such a stay is necessary in this case, as the underlying civil case, pending in Gaston County Superior Court, 09-CVS-5750, is peremptorily set for May 9, 2011 after it has been continued three previous times. This Declaratory Judgment action should be stayed because: 1) an adverse determination against Taylor in the underlying action would make all claims in the Declaratory Judgment action moot and if the Declaratory Judgment were not stayed it would cause additional and unnecessary expenses in litigating the meaningless Declaratory Judgment; 2) no prejudice would befall Penn National if this case were stayed; 3) the determination of certain claims for relief in the underlying civil action would affect Taylor's defenses in the Declaratory Judgment action and; 4) if Taylor, as the Plaintiff in the underlying action, is successful in securing an award of damages following a jury trial, Taylor would be

1

subrogated to the claims of the Metro Cab defendants and their subrogation rights would be jepordized if the Declaratory Action were to proceed prior to a jury's determination of damages.

## Statement of Facts

The underlying state action to this Declaratory Judgment Action was brought by the Administrator of the Estate of James Lafayette Taylor, Jr. entitled, "James Lafayette Taylor, by and through the administrator of his estate, J. Edward Stowe, plaintiff versus Rodney Charles Garrett, Shaukat Ali and Metro Cab, defendants," Civil Action No. 09 CVS 5750, in the General Court of Justice in the Superior Court Division in Gaston County, North Carolina. This action was amended on April 7, 2010 to add Subhan Chadhary d/b/a Metro Cab. This action involves allegations of an automobile accident which occurred on June 15, 2007 and which was caused by the negligence of a Metro Cab driver, Rodney Charles Garrett (who was driving a Metro Cab vehicle for a fare) that proximately caused injury and death to James Taylor. This action includes claims against the Defendants Metro Cab d/b/a Subhan Chaudhary (a Defendant in both the underlying action and the Declaratory Judgment action) for: wrongful death; negligent entrustment; general negligence; respondeat superior; and negligent Hiring, Supervising, Training, or Retaining.

The underlying civil action was originally set for trial on September 13, 2010, but the trial was continued due to Taylor awaiting some discovery responses from Defendants. The second time this case was on for trial was November 15, 2010, but it was again continued due to Taylor having to have additional time to obtain medical testimony. The third time this case was on for trial was January 24, 2011, at which time all parties were prepared to proceed, but the case was second on the trial calendar and not reached. The Plaintiff requested a preemptory setting and the request was granted and the trial is set to be tried and will be given priority on May 9, 2011.

Pennsylvania National Mutual Casualty Insurance (Penn National) filed their Declaratory Judgment Action pursuant to 28 U.S.C. §2201 on January 19, 2011, and Taylor received the Complaint on or about January 21, 2011 in the midst of preparing for the trial which was to begin January 24, 2011.

It is undisputed that Penn National has accepted the defense of all the defendants in the underlying Gaston County action. Penn National is not alleging, through its complaint, that they have no obligation to defend any of the defendants in the underlying action. Penn National admits in the Complaint that they have agreed to provide a defense pursuant to the Ali Insurance Policy (See Document #1, Paragraph 11). Penn National is only arguing that it does not have to pay out any money to Taylor in the event Taylor is successful in obtaining an award of damages in the underlying case (which, of course, Taylor denies).

2

Penn National would not be prejudiced if this case were to be stayed pending the conclusion of the underlying Gaston County action. However, if this action were not stayed, Taylor, and the other defendants, would be extremely prejudiced.

## Argument

In Wilton v. Seven Falls Co., 515 U.S. 277, 289-90, 115 S. Ct. 2137, 2144, 132 L. Ed. 2d 214 (1995), the United States Supreme Court held:

> In sum, we conclude that *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), governs this declaratory judgment action and that district courts' decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion.

When deciding whether to use its discretion in issuing a stay, the court may look to several factors pursuant to N.C.G.S.A. § 1-75.12:

> In determining whether to grant a stay under G.S. § 1-75.12, the trial court may consider the following factors: (1) the nature of the case, (2) the convenience of the witnesses, (3) the availability of compulsory process to produce witnesses, (4) the relative ease of access to sources of proof, (5) the applicable law, (6) the burden of litigating matters not of local concern, (7) the desirability of litigating matters of local concern in local courts, (8) convenience and access to another forum, (9) choice of forum by plaintiff, and (10) all other practical considerations. Lawyers Mut. Liab. Ins. Co. of N. Carolina v. Nexsen Pruet Jacobs & Pollard, 112 N.C. App. 353, 356, 435 S.E.2d 571, 573 (N.C. Ct. App. 1993) (citations omitted).
>
> .....
>
> A court will not have abused its discretion in failing to consider each enumerated factor. Id., N.C. App. at 353, 357, S.E.2d at 571, 574 (citations omitted).

In the case at bar, the issue is whether the District Court, in its discretion, should issue a stay of this Declaratory Judgment Action until the conclusion of the underlying Gaston County civil action. In doing so, the court should look to the "propriety of granting declaratory relief" and the above factors.

In support of a stay, Taylor shows the Court that the underlying civil action case has been peremptorily set for the May 9, 2011 session of Gaston County Superior Court

3

and that granting a stay in these proceedings would materially affect the rights of the Defendants to defend the Declaratory Judgment Action.

First of all, if the underlying Gaston County civil action were to be tried, and Taylor, as Plaintiff in the underlying action, were to receive nothing, then the determination of coverage in this Declaratory Judgment action would become moot. The defendants in the underlying action have several defenses to the Plaintiff's claims, including contributory negligence. If a jury were to find in favor of the Defendants on contributory negligence and not find the doctrine of "last clear chance" applicable, then Taylor would be entitled to no damages and the insurance coverage will not be triggered. If this Declaratory Judgment action were to proceed without a stay, and Taylor is successful in arguing that coverage applies, then the trial of the underlying action shows no liability on the part of the Defendants, then Taylor would have wasted substantial recources in litigating a wholly unnecessary Declaratory Judgment actioin. Therefore, for the benefit of the judicial economy, and to avoid mindless additional litigation, a stay must be issued.

Secondly, Penn National would not be prejudiced if this Declaratory Judgment were to be stayed. It is undisputed that Penn National has accepted the defense of all defendants in the underlying action. Therefore, Penn National would have no additional exposure if the Gaston County civil trial were to proceed to a conclusion before the declaratory judgment action were considered. The issue in this Declaratory Judgment action is not whether Penn National will continue in the defense of the defendants, but whether Penn National would have to pay the damages if Taylor is successful in getting an award of damages. Therefore, it would actually be beneficial to Penn National to wait and see what the award of damages would be in the underlying action before litigating the coverage issue.

Thirdly, the issues in this Declaratory Judgment action cannot be fully assessed until a jury finds which of Taylor's claims have merit. If a jury finds that Metro Cab committed the tort of "Hiring, Supervising, Training, or Retaining" the taxi driver, Taylor's defenses in coverage may be different from if the jury finds that the Metro Cab is only liable under a theory of "respondeat superior." The outcome of a jury decision in the underlying action is important to the defenses Taylor may make in the Declaratory Judgment action, therefore a stay must be issued until the conclusion of the underlying action.

Finally, and equally as important, Taylor may be subrogated to the rights of the other Defendants in this Declaratory Judgment action if Taylor is successful in receiving an award of damages in the underlying Gaston County action. To illustrate this point, if Taylor receives an award of damages for one million dollars against Metro Cab, it is then subrogated to the rights of Metro Cab to collect the insurance proceeds. After Taylor receives an award of damages and is subrogated to the claims of Metro Cab, and not before then, Taylor would then be able to enter an appearance on behalf of Metro Cab to defend the Declaratory Judgment Action. Further, Taylor would be able to get an assignment of any counterclaims that Metro Cab would have against their insurer. This is

4

important, because if this action continues without a stay, and Metro Cab does not answer or defend this Declaratory Judgment action, the future subrogation and assignment rights of Taylor would be jeopardized. This, of course, would cause extreme prejudice to Taylor if he is successful in the underlying Gaston County civil action.

### Conclusion

For the above-stated reasons, the Court should, in its discretion, stay this Declaratory Judgment proceeding until the underlying Gaston County civil action, 09-CVS-5750, is concluded.

### ALTERNATIVE MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS

If the Court does not grant a stay in this Declaratory Judgment Proceeding, then Defendant Taylor, making a limited appearance, requests an extension of time of an additional 30 days up to and including March 22, 2011, for which to answer and respond to the Plaintiff's Complaint pursuant to Rule 6(b) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant, James Lafayette Taylor, Jr., by and through the administrator of his Estate, J. Edward Stowe prays:

1. That the Court issue an Order staying this Declaratory Judgment Action until such time as the underlying Gaston County civil action, 09-CVS-5750, is concluded.

2. In the alternative, that the Court allow Defendant, James Lafayette Taylor, Jr., by and through the administrator of his Estate, J. Edward Stowe, an extension of time of an additional 30 days up to and including March 22, 2011, for which to answer and respond to the Plaintiff's Complaint pursuant to Rule 6(b) of the Federal Rules of Civil Procedure.

3. For such other and further relief as the Court deems just and proper.

/s/
Aaron C. Low
*Attorney for Defendant Taylor*
*Bar # 31653*
STOTT, HOLLOWELL, PALMER & WINDHAM, L.L.P.
401 E. Franklin Boulevard
P.O. Box 995
Gastonia, NC 28053-0995
(704) 864-3425
alow@shpw.com

5

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David L. Brown          dbrown@pckb-law.com

I hereby certify that on the 4th day of February, 2011, a copy of the foregoing was served on the person hereinafter named at the address stated below, which is the last known address for said person, by depositing said document(s) in an envelope addressed to and delivering them by U.S. mail:

Mr. Subhan Chaudhry
441 White Horse Road
Gastonia, NC 28052

Metro Cab Company
1104 E. Ozark Avenue
Gastonia, NC 28052

/s/
Aaron C. Low