**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**No: 3:11-CV-0026-RJC-DSC**

| | |
|---|---|
| **PENNSYLVANIA NATIONAL MUTUAL** ) | |
| **CASUALTY INS. CO.**, ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **ORDER** |
| **METRO CAB CO., SUBHAN CHABHRY** ) | |
| **and/or SUBHAN CHAUBHRY, individually and** ) | |
| **d/b/a METRO CAB CO., and JAMES** ) | |
| **LAFAYETTE TAYLOR, JR., by and through** ) | |
| **the administrator of his Estate,** ) | |
| **J. EDWARD STOWE.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant J. Edward Stowe's "Motion to Stay

Proceedings ... " (document #5), and the parties' associated briefs.  See documents ## 6 and 7.

This is a declaratory judgment action filed by Plaintiff Pennsylvania National Mutual

Casualty Insurance Company  to resolve coverage disputes arising from two insurance policies

issued by Plaintiff to Defendant Subhan Chabhry and/or Subhan Chaubhry, individually and d/b/a

Metro Cab Company  (hereinafter collectively described as "Metro Cab").

On June 15, 2007, James Lafayette Taylor, Jr. was struck by a taxi cab owned by Shaukap

Ali and driven by Rodney Charles Garrett, who was an employee of Metro Cab.  Taylor

subsequently died from his injuries.

On September 24, 2009, Defendant J. Edward Stowe, as Administrator of the Estate of

James Lafayette Taylor, Jr., filed a civil action in Gaston County Superior Court.  See Taylor v.

Garrett, et. al., Gaston County Superior Court Civil Action Number 09 CVS 5750.  (hereinafter the

"State Court action").  The present Metro Cab Defendants plus Ali and Garrett are defendants in the State Court action. There is no dispute that coverage exists under a third insurance policy issued by Plaintiff to Ali (hereinafter the "Ali policy").  Notwithstanding the present dispute, Plaintiff is defending Metro Cab in the State Court action.

The State Court action is peremptorily set for trial on May 9, 2011.

On January 14, 2011, Plaintiff filed this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaratory judgment that it has no liability under the two policies it issued to Metro Cab.  There is no indication in the record that Metro Cab has been served with process in this matter.

On February 4, 2011, Defendant Stowe filed the subject Motion to Stay this matter until the State Court action is concluded, contending that he will be prejudiced if he is required to litigate coverage issues prior to an adjudication of the State Court action.  Defendant Stowe has credibly shown that depending on the outcome in State Court, it may be necessary for him to defend  certain subrogation rights that he may acquire  in this action.

In its Response, Plaintiff has not argued that it will be prejudiced if a stay is entered.

By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).  See also Centennial Life Ins. Co. v. Poston,

88 F.3d 255, 257-58 (4th Cir. 1996) (applying <u>Wilton</u>).[1]

Applying these legal principles to the facts in this case, the Court concludes in its discretion that Defendant Stowe has made a sufficient showing for entry of a stay in this matter.  Defendant Stowe has shown that he could be prejudiced if he is forced to litigate the underlying State Court action and  the present declaratory judgment action simultaneously, while there will be no prejudice to Plaintiff if a stay is entered.

**IT IS THEREFORE ORDERED**:

1. Defendant J. Edward Stowe's "Motion to Stay Proceedings ... " (document #5) is **GRANTED.**  This matter is **STAYED** pending the outcome of the underlying litigation in <u>Taylor v. Garrett, et. al.</u>, Gaston County Superior Court Civil Action Number 09 CVS 5750.

2. The parties' counsel shall file a status report with this Court no later than seven (7) days following the conclusion of the trial of the State Court action and no later than May 31, 2011.

3. The Clerk of Court is directed to send copies of this Order to the parties' counsel; <u>and to the Honorable Robert J. Conrad, Jr.</u>

      **SO ORDERED**.           Signed: March 9, 2011

David S. Cayer
United States Magistrate Judge

---

[1]Although recognizing that unpublished decisions have no precedential value, the Court notes that in a recent decision, the Fourth Circuit Court of Appeals stated that "[a]s a general practice, courts wait to decide coverage until litigation or agreement has determined the particular damage for which an insured will be responsible." <u>Travelers Indem. Co. v. Miller Bldg. Corp.</u>, 221 F. App'x. 265, 267-68 (4th Cir. 2007).