**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-CV-26-RJC-DSC**

| | |
|---|---|
| **PENNSYLVANIA NATIONAL** )<br>**MUTUAL CASUALTY INS. CO.,** )<br>)<br>      **Plaintiff,** )<br>*vs.* )<br>)<br>**METRO CAB CO.,** )<br>**SUBHAN CHABHRY and/or** )<br>**SUBHAN CHAUBHRY, individually and** )<br>**doing business as METRO CAB CO., and** )<br>**JAMES LAFAYETTE TAYLOR, JR., by** )<br>**and through the Administrator of his** )<br>**Estate, J. EDWARD STOWE,** )<br>)<br>      **Defendants.** )<br>_____) | **ORDER** |

      **THIS MATTER** is before the Court on "Plaintiff's Status Report and Motion to Lift Stay" (document #15), and the parties' associated briefs. See documents ## 18 and 19.

      This is a declaratory judgment action filed by Plaintiff Pennsylvania National Mutual Casualty Insurance Company to resolve coverage disputes arising from two insurance policies issued to Defendant Subhan Chabhry and/or Subhan Chaubhry, individually and d/b/a Metro Cab Company (hereinafter collectively referred to as "Metro Cab").

      On June 15, 2007, James Lafayette Taylor, Jr. was struck by a taxi cab owned by Shaukap Ali and operated by Rodney Charles Garrett. Garrett was an employee of Metro Cab. Taylor subsequently died from his injuries.

      On September 24, 2009, Defendant J. Edward Stowe, as Administrator of the Estate of James Lafayette Taylor, Jr., filed a civil action in Gaston County Superior Court. See Taylor v. Garrett, et. al., Gaston County Superior Court Civil Action Number 09 CVS 5750. (hereinafter the "State Court

action"). The present Metro Cab Defendants along with Ali and Garrett are defendants in the State Court action. There is no dispute that coverage exists under a third insurance policy issued by Plaintiff to Ali. Notwithstanding the present dispute, Plaintiff is defending Metro Cab in the State Court action.

For a more detailed statement of the facts and procedural history in this matter, see "Order" (document #8) (granting Motion to Stay).

Following trial of the State Court action in September 2011, a jury returned a $1.5 million verdict in favor of Defendant Stowe. After disposition of post-trial motions, a judgment was entered on March 28, 2012.

On April 9, 2012, the State Court defendants filed a Motion for Judgment Notwithstanding the Verdict or New Trial. Superior Court Judge Jesse B. Caldwell III held a hearing on that Motion on June 1, 2012 and reserved ruling pending a voluntary mediation.

The mediation began on August 24, 2012, and an impasse was declared on September 5, 2012.

In accordance with an Order from Chief District Judge Robert J. Conrad, Jr. to file a status report, on July 20, 2012, Plaintiff filed its "Status Report and Motion to Lift Stay" (document #15). Other than the delay in this matter, Plaintiff cites no basis for lifting the stay other the rationale previously rejected by the Court when the stay was granted.

For the reasons stated in Defendant Stowe's brief and after conferring with the chambers' staff of Chief Judge Conrad, the Court concludes that this matter should be stayed.

**IT IS THEREFORE ORDERED**:

1. "Plaintiff's ... Motion to Lift Stay" (document #15) is **DENIED**.

2. The parties' counsel shall file a status report with this Court no later than seven (7) days following Judge Caldwell's ruling on the Motion for Judgment Notwithstanding the Verdict or New Trial in the State Court action and/or no later than November 13, 2012.

3. The Clerk of Court is directed to send copies of this Order to the parties' counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.                              Signed: September 13, 2012

David S. Cayer
United States Magistrate Judge